IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA MILLER, | : | No.  4:CV 06-398 |
| | : | |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| CLINTON COUNTY and THE | : | |
| HONORABLE RICHARD SAXTON, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**April 5, 2007**

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is the Motion to Dismiss Plaintiff's Amended

Complaint Filed on Behalf of the Honorable Richard N. Saxton, President Judge

("the Motion")(doc. 22) filed on December 14, 2006.

For the following reasons, the Motion (doc. 22) will be denied.

## PROCEDURAL HISTORY:

On February 22, 2006, Plaintiff Rita Miller ("Plaintiff" or "Miller") filed a

two-count complaint against Defendant Clinton County ("Clinton County")[1] in the

---

[1] Defendant Clinton County filed an Answer on November 7, 2006 (doc. 19), and is accordingly not a subject of the instant Motion.

United States Court for the Middle District of Pennsylvania.  (Rec. Doc. 1).

Thereafter, on April 25, 2006, Plaintiff filed a Motion to Amend to Add Party (doc.

14), namely Defendant the Honorable Richard N. Saxton ("President Judge

Saxton"), which was granted by this Court.  (Rec. Doc. 15).  The amended

complaint added President Judge Saxton as a party and stated a First Amendment

retaliation claim against him and Defendant Clinton County, contained in Count I.

Count II of the amended complaint raises a due process claim against Defendant

Clinton County in name, and Defendant Saxton by implication.  After the amended

complaint (doc. 16) was filed on October 27, 2006, President Judge Saxton filed

the instant Motion.  The Motion has been fully briefed by the parties and is

therefore ripe for our review.

 **STANDARD OF REVIEW**:

     In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes,

416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to

state a claim argument, a court should "not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d3 310 (3d Cir. 1986).

## <u>FACTUAL BACKGROUND</u>:

Plaintiff is a former full-time employee of the Probation Office of Clinton County.   Plaintiff was employed as an Adult Probation Officer. (Amended Complaint, ¶¶4, 7).

Plaintiff alleges that during the course of her employment, her "supervisors indicated that clients of the Adult Probation Office were 'scum' and no government money should be wasted on rehabilitation and as a result of the positions of [her] supervisors, the Adult Probation Office was being run in an ineffective manner." (Amended Complaint, ¶7).  Plaintiff alleges that she "made a good faith effort to address her complaints and concerns with President Judge Saxton by letter dated January 22, 2006."  (Amended Complaint, ¶8).  Plaintiff alleges that in response to the letter, President Judge Saxton terminated her employment with Clinton County effective January 31, 2006.  (Amended Complaint, ¶9).

## <u>DISCUSSION</u>:

President Judge Saxton moves this Court to dismiss the amended complaint as against him pursuant to Fed. R. Civ. P. 12(b)(6).[2]  Alternatively, Defendant Saxton argues that he is entitled to qualified immunity from this lawsuit.

## A.   First Amendment Claim

As noted, in Count I of the amended complaint, Plaintiff interposes a First Amendment Retaliation Claim.  It is well-settled that a public employee's speech is protected by the First Amendment when "(1) in making it, the employee spoke as a citizen; (2) the statement involved a matter of public concern; and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made."  Hill v. Borough of Kutztown, 455 F.3d 225, 241-42 (3d Cir. 2006)(quoting Garcetti v. Ceballos, 126 S. Ct. 1951 (2006)).  "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record."  Rankin v. McPherson, 483 U.S. 378, 384 (1987)(quoting Connick v.

_____

[2] President Judge Saxton argues that the Plaintiff's due process claim, contained in Count II, should be dismissed as against him.  Although Plaintiff does not expressly name President Judge Saxton in Count II, we believe that a fair reading of the complaint indicates that she intended to assert her due process claims against him as well. For the sake of completeness, and in particular since it has been raised and briefed we will dispose of President Judge Saxton's Motion as it pertains to Count II as well.

4

<u>Myers</u>, 461

U.S. 138, 147-48 (1983)).

President Judge Saxton argues that Plaintiff's speech was made in her capacity as an employee and pertained to internal personnel disputes and working conditions.  President Judge Saxton further submits that the internal operations of the Clinton County Probation Office are not a matter of public concern.

However, we find that based upon the record before us, which, at this very early phase in the litigation is solely the pleadings, we cannot resolve the issues raised by President Judge Saxton relative to Plaintiff's First Amendment claim; namely, whether she spoke as a citizen or an employee or if her speech was a matter of public concern.  The record is simply not well-developed enough to determine the context within which these statements were made.[3]  Accordingly, we find that it would be premature at this juncture to grant President Judge Saxton's Motion with respect to Plaintiff's First Amendment Claim, and therefore the Motion shall be denied in this regard.

**B.      Due Process Claim**

---

[3] We note that President Judge Saxton attached Plaintiff's letter to his Memorandum in support of his Motion, in the event that the Court endeavored to convert his Fed. R. Civ. P. 12(b)(6) motion into a Fed. R. Civ.  P. Rule 56 motion for summary judgment.  In our discretion, we decline the opportunity to convert the motion into one for summary judgment, largely because we feel the letter in and of itself still does not develop the record sufficiently to entertain a summary judgment motion.

President Judge Saxton argues that Plaintiff's due process claim must fail because she has no property right or fundamental liberty interest in her employment.  President Judge Saxton argues that Plaintiff is an "at-will" employee, and therefore she was subject to summary dismissal.  Plaintiff asserts that she is not an "at-will" employee, but that her employment is governed by a collective bargaining agreement, and as such, she may only be terminated for "just cause."

Accordingly, there is an unresolved question of fact as to the terms and conditions of Plaintiff's employment that is sufficient at this early juncture to allow her due process claim to survive. President Judge Saxton's Motion will be denied with respect to Count II.

### C.    Qualified Immunity

A public official may be shielded from suit by qualified immunity if the allegedly "offending" conduct did not violate "clearly established statutory or constitutional rights which a reasonable person would have known." Andrews v. Philadelphia, 895 F.2d 1469, 1479 (3d Cir. 1990).  President Judge Saxton argues that he is entitled to qualified immunity because "no clear statutory or constitutional right to continued employment exists for an at-will employee who complains about her dispute with her supervisors to the head of the court system where she is employed."  As noted earlier in this Memorandum and Order, it is unclear whether

Plaintiff was in fact an "at-will" employee, and therefore President Judge Saxton's argument cannot prevail at this early juncture.[4]

**CONCLUSION**:

For the aforestated reasons, the pending Motion shall be denied.  This case is presently on our July, 2007 trial term.  In conformity with our court calendar, discovery closed on March 19, 2007 and dispositive motions were due by April 2, 2007.  Both Defendants filed motions for summary judgment on that date.  (Rec. Docs. 27 and 28).  Also on that date, Plaintiff filed a Motion for Enlargement of Time. (Rec. Doc. 26).  Within the Motion for Enlargement of Time, Plaintiff advises the Court that she has not yet deposed President Judge Saxton. Accepting what Plaintiff submits as true, President Judge Saxton indicated that he would not be deposed until the resolution of the Motion to Dismiss.[5]  We assume that in deference to President Judge Saxton's office Plaintiff acquiesced. However, the discovery period has now closed without the deposition of one of the Defendants.

To require the Plaintiff to proceed in the summary judgment phase of

---

[4] President Judge Saxton alternatively argues that we should direct the Plaintiff to file a more definite statement to determine whether qualified immunity is fully applicable.  Because we are vacating the trial date and allowing additional discovery we need not grant this request.

[5] If President Judge Saxton has a legal reason that he believes should prevent or limit his testimony, he is free to file for a protective order with this Court.

litigation without the opportunity to depose President Judge Saxton appears unfair. We will now adjust the operative dates to allow this additional discovery to take place. Therefore, in the interest of justice, we shall grant the Plaintiff's Motion for Enlargement of Time (doc. 26) to the extent that we shall strike this case from our July, 2007 trial list and place it on our September, 2007 trial list, thus enabling the Plaintiff to depose the President Judge Saxton within an extended discovery period. Also, we shall dismiss the Defendants' motions for summary judgment without prejudice, so that the parties may take more complete discovery.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. President Judge Saxton's Motion to Dismiss (doc. 22) is DENIED.

2. Plaintiff's Motion for Enlargement (doc. 26) is GRANTED to the following extent:

   a. This case is stricken from our July, 2007 trial list.

   b. This is case is placed on our September, 2007 trial list; with jury selection to be held September 6, 2007; discovery cut-off May 18, 2007; dispositive motions cut-off June 1, 2007; settlement conference June 29, 2007 and pre-trial conference August 1, 2007.

3.      Defendants' motions for summary judgment (docs. 27 and 28) are

        DISMISSED without prejudice.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge